NITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA LOVE,

Plaintiff,

v.

JOCELYN BENSON, *et al.*,

Defendants.

Case No. 25-cv-13105
Honorable F. Kay Behm
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION
TO SUA SPONTE DISMISS THE CASE**

## I.    Introduction

Plaintiff Melissa Love, proceeding pro se and in forma pauperis, sues Defendants Jocelyn Benson and Janice Winfrey under the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. § 20501, *et seq.*  ECF No. 1; ECF No. 6.  The Honorable F. Kay Behm referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 9.  The Court **RECOMMENDS** that the case be sua sponte **DISMISSED** for lack of subject matter jurisdiction or for failure to state a valid claim.

## II.    Background

This action stems from alleged inaccuracies in Love's voting records. Love discovered in January 2025 that her voting records indicate that she voted by absentee ballot in the August 2020 national primary election and in the November 2020 presidential election.  ECF No. 1, PageID.2.  But she denies having voted in either election and complains that defendants failed to correct her records after she notified them of the errors in June 2025.  *Id.* Love claims that defendants violated the NVRA by failing to maintain accurate voting records and by failing to correct those records after receiving Love's written notice.  *Id.*, PageID.3.

The Court ordered Love to show cause why the case should not be dismissed for failure to state a claim under the NVRA.  ECF No. 24.  Love responded by asserting that she has Article III standing to bring her NVRA claim.  ECF No. 25.  The Court now finds that Love has no standing to bring her claim and that her claim is not cognizable under the NVRA.

## III.    Analysis

### A.

The first question is whether Love has standing to sue under the NVRA.  If not, this Court lacks subject matter jurisdiction to decide her case.

2

> The U.S. Constitution empowers the federal courts to decide "Controversies" and "all Cases, in Law and Equity, arising under this Constitution [and] the Laws of the United States." U.S. Const. art. III, § 2. Consistent with the case-and-controversy requirement, several justiciability doctrines limit the judicial power, the most prominent being standing. To have standing, a plaintiff must allege (1) an injury in fact (2) that's traceable to the defendant's conduct and (3) that the courts can redress. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

*Gerber v. Herskovitz*, 14 F.4th 500, 505 (6th Cir. 2021). Love responded to the order to show cause by questioning the Court's impartiality. ECF No. 25, PageID.58. But the Court *must* examine its jurisdiction to decide the merits of Love's action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte.").

Love bears the burden of showing that she pleaded facts establishing each of the three elements for standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The Court finds that she has failed to meet her burden of showing that she has suffered an injury in fact. An injury in fact is "'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'"

3

*Carman v. Yellen*, 112 F.4th 386, 399 (6th Cir. 2024) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  Because the injury must be particularized, the plaintiff must show a "personal stake in the outcome of the controversy."  *Kareem v. Cuyahoga Cnty. Bd. of Elections*, 95 F.4th 1019, 1022 (6th Cir. 2024) (cleaned up).

Love claims that her allegedly inaccurate voting records injure her because they affect her "right to vote," her "voter integrity," and her "future eligibility and trust in the election process."  ECF No. 25, PageID.61.  But her fear that the inaccurate records may affect her future eligibility to vote is mere conjecture rather than an actual or imminent harm, and is thus insufficient to confer federal question jurisdiction.  *Republican Nat'l Comm. v. Benson*, 754 F. Supp. 3d 773, 786 (W.D. Mich. 2024), *aff'd,* No. 24-1985, 2025 WL 2731704 (6th Cir. Sept. 25, 2025) (finding that "the 'fear' upon which the individual Plaintiffs rely is an insufficient basis for properly invoking federal-court jurisdiction."); *Maryland Election Integrity, LLC v. Maryland State Bd. of Elections*, 127 F.4th 534, 540 (4th Cir. 2025) ("The possibility that Plaintiffs' members' ballots might be cast blank due to the statewide mismanagement of future elections is conjectural and hypothetical, not actual or imminent." (cleaned up)).  And Love's mental angst about voter integrity is "a psychic injury" that "falls well short of a

concrete harm needed to establish Article III standing." *Glennborough Homeowners Ass'n v. United States Postal Serv.*, 21 F.4th 410, 415 (6th Cir. 2021).

**B.**

Even if Love established standing, her complaint should be dismissed sua sponte for failure to state a claim. Sua sponte consideration of whether Love states a plausible claim is required because she is proceeding in forma pauperis. ECF No. 6. And when a plaintiff proceeds in forma pauperis, the Court must dismiss a claim under 28 U.S.C. § 1915(e)(2)(B) at any time if the action fails to state a claim, is frivolous, or seeks monetary relief from immune defendants. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("Section 1915(e)(2) is applicable throughout the entire litigation process. Thus, a case that may not appear to initially meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section.").

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Love's complaint states no plausible claim. She requests relief under Sections 2(b) and 8 of the NVRA. ECF No. 1, PageID.3. Section 2(b) states that its purposes include "protect[ing] the integrity of the electoral

6

process" and "ensur[ing] that accurate and current voter registration roles are maintained."  52 U.S.C. § 20501(b)).  But the statements of purpose imposed no enforceable rights.  *See Kentucky v. Biden*, 23 F.4th 585, 604 (6th Cir. 2022) ("Statements of purpose may be useful in construing enumerated powers later found in a statute's operative provisions.  But statements of purpose are not *themselves* those operative provisions." (cleaned up)).

Section 8 does describe enforceable rights, but not a right to grant Love the relief she seeks.  Under that section, States must maintain "accurate and current voter registration roll for elections for Federal office" that are "nondiscriminatory, and in compliance with the Voting Rights Act of 1965"; and States may not improperly remove eligible voters from the voter registration roll.  52 U.S.C. § 20507(b).  Section 8 also specifies procedures for systematically removing ineligible voters, voters who have changed addresses, and voters who have died.  *Id.* § 20507(c)-(e), (g).  And the section requires public disclosure of records about state programs aimed at ensuring the accuracy of its voter registration rolls.  *Id.* § 20507(i)(1).  The language of Section 8 includes no requirement that States correct errors in individual voting records related to past elections.

So under the plain language of the NVRA, Love fails to state a plausible claim for relief.  *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 549 (6th Cir. 1999) ("When interpreting a statute, we must begin with its plain language, and may resort to a review of congressional intent or legislative history only when the language of the statute is not clear.").  And Love cites no authority supporting her position that the NVRA permits suit against a State for an alleged failure to investigate or correct errors in an individual's voting history records.

## IV.    Conclusion

The Court **RECOMMENDS** that the case be sua sponte **DISMISSED** for lack of subject matter jurisdiction or for failure to state a claim.  A dismissal for lack of subject matter jurisdiction should be without prejudice. *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 4, 2026

8

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March , 2026.

<u>s/Julie Owens</u>
JULIE OWENS
Case Manager